# In the United States Court of Federal Claims

No. 22-1797
Filed: April 12, 2023

|  |  |
|---|---|
| GEORGE H. FINN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**ORDER**

*SMITH*, **Senior Judge**

On December 6, 2022, plaintiff, George H. Finn, proceeding *pro se*, filed a Complaint in this Court.  In his Complaint, plaintiff seeks review of a decision from the United States District Court for the Northern District of New York. *See generally* Complaint, ECF No. 1 [hereinafter Compl.].  Specifically, plaintiff alleges various errors stemming from his case in the Northern District Court of New York, such as the Court's denial of a jury trial. *Id*. at 14 (stating that the District Court "pulled the United States into the corruption and are abusing the Unites States Constitution by denying victims the right to a jury analysis guaranteed by the United States Constitution Amendment VII and Federal Rules of Civil Procedure Rule 38").

This Court's jurisdictional grant is primarily set forth by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded in a money-mandating source of law and do not sound in tort.  28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  R. Ct. Fed. Cl. 12(h)(3).

Here, plaintiff alleges that the Northern District Court of New York denied him the right to a jury trial—a right which plaintiff says is protected under the Constitution and the Federal Rules of Civil Procedure. *See* Compl. at 3.  In essence, plaintiff's Complaint appears to be an appeal of the Northern District Court of New York's decision.  The Court of Federal Claims, however, "does not have jurisdiction to review the decisions of district courts." *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this Court has subject-matter jurisdiction.  As such, this

-2-

Court does not have authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3).  Consequently, defendant's Motion to Dismiss is hereby **FOUND MOOT**.  The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge